IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COY MILLER AND BRENDA MILLER                                           PLAINTIFF
D/B/A BRONZED BUNZ

V.                                                        CAUSE NO: 1:06CV94

CALIFORNIA TANNING SUPPLY, INC. et al.                              DEFENDANTS

## MEMORANDUM OPINION

This cause comes on for consideration on Plaintiff's Coy Miller, and Brenda Miller, d/b/a Bronzed Bunz, Motion to Set Aside Order of Dismissal Without Prejudice for Failure to Prosecute Defendant Solar Shower, LLC. and requests entry of default be entered against Defendant Solar Shower, LLC. The Court, having reviewed submitted brief, is of the following opinion:

### Background

Plaintiffs filed their Complaint in the Circuit Court of Oktibbeha County, Mississippi. Plaintiffs attempted service via certified mail on September 12, 2005, and the envelope was returned marked "Refused" on September 26, 2005. The cause was subsequently removed to the U.S. District Court for the Northern District of Mississippi on March 26, 2006. The Clerk filed three notices of incomplete process as to Solar Shower, LLC. Consequently, the Court ordered Solar Shower, LLC to be dismissed for failure to prosecute on April 12, 2007. Plaintiffs filed a Motion to Set Aside Order and Request for Entry of Default on May 3, 2007, asserting that Plaintiffs served Defendant Solar Shower, LLC., in accordance with the Mississippi Rules of Civil Procedure. Thereafter, the cause was transferred to the undersigned.

**Standard of Review**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may, upon motion and upon such terms as are just, to relieve a party from an order entered by mistake or inadvertence. FED. R. CIV. P. 60(b). *See generally* Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 353 (5th Cir. 1993); Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). The decision to grant or deny relief under Rule 60(b)(1) is within the sound discretion of the trial court. Hibernia, 776 F.2d at 1279; Vela v. Western Elec. Co., 709 F.2d 375, 376 (5th Cir. 1983).

**Discussion**

Plaintiff avers that the Defendant, Solar Shower, LLC, was properly served pursuant to Rule 4(c)(5) of the Mississippi Rules of Civil Procedure, which states:

> Service by Certified Mail on Person Outside State. In addition, to service by any other method provided by this rule, a summons may be served on a person outside the state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." **Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."**

MISS. R. CIV. P. 4(c)(5) (emphasis added).

The Court agrees that the Defendant was served in accordance with Rule 4(c)(5) of the Mississippi Rules of Civil Procedure. Although a Federal Court, sitting in diversity, generally will apply the Federal Rules of Civil Procedure as to procedural matters, the Court will evaluate the sufficiency of service of process *prior* to removal under state law. Freight Terminals, Inc. v. Ryder System, Inc., 461 F.2d 1046, 1052 (5th Cir. 1972); Lee v. City of Beaumont, 12 F.3d 933 (9th Cir. 1993); Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1477 (N.D. Ga. 1997); Wright & A. Miller, Federal Practice and Procedure § 3738 at 390-91 (2007). Thus, the

Mississippi Rules of Civil Procedure apply *prior* to removal, and the Federal Rules of Civil Procedure shall be applied *after* removal, and as stated in Rule 81(c), the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure **after removal**." FED. R. CIV. P. 81(c) (emphasis added); *see* Lee, 12 F.3d at 937.

Accordingly, the Plaintiffs properly served the Defendant by mailing the summons and complaint certified mail with return receipt requested and the envelope being returned marked "refused." Further, the Plaintiffs filed a timely motion to set aside the order a mere twenty-one days following dismissal. Therefore, the Court **GRANTS** Plaintiffs' timely Motion to Set Aside Order dismissing Solar Shower, LLC. Moreover, the Court opines that Default against Solar Shower, LLC, should have been entered and, therefore, shall be **ENTERED** accordingly.

An order shall follow in accordance with this opinion.

So **ORDERED**, this the 4th day of March, 2008.

<u>/s/ Sharion Aycock</u>
**U.S. DISTRICT JUDGE**